## JOHN, A SLAVE v. THE STATE.

1. The act of 1836 which directs that, in capital cases, whenever points are reserved as novel and difficult for the decision of the Supreme Court, the execution of the judgment shall be suspended to a time, not less than twenty-five, nor more than forty days after the commencement of the next succeeding term of the Supreme Court, confers a right on the criminal, who is sentenced under such circumstances to the delay given by the statute; and a sentence fixing an earlier day for his execution is erroneous.
2. When more persons than one are indicted, and the venue is changed by less than. the whole number, those who change the venue must be tried on a copy of the indictment; the original in such a case, remains in the Court, which retains jurisdiction over the one who does not change the venue.
3. When an order has been made on the change of venue by one defendant, for the transmission of the original indictment to another county, the Court retaining jurisdiction over the defendant as to whom the venue is not changed, may properly make an order to obtain the custody of the indictment so transmitted to another county, and proceed to trial against the defendant within its jurisdiction.
4. When the indictment is re-transmitted from the Court to which it was irregularly ordered, it is unnecessary that it should be certified by the clerk of the Court.

Writ of error to the Circuit Court of Sumter County.

At a former day in this term, a writ of error was awarded returnable *instanter.* The transcript now certified as the return to that writ, discloses that the plaintiff in error was indicted at the April term, 1839, of Sumter Circuit Court, for the murder of Daniel Hendrick. One count of the indictment charges William Ruff and William Anderson as assessories before the fact, and in subsequent counts, the charge is varied so as to make Ruff principal, and the others accessories.

The prisoners were arraigned, and pleaded not guilty, but the prosecution was continued over to the next term of the Court. At the October term, 1839, Anderson applied for and obtained a change of venue to Perry county. An order was then made, that a transcript of the record, as well as the original papers should be sent to the Circuit Court of Perry county. The other defendants then continued the prosecution over to the next term.

At the succeeding term in April, 1840, the Solicitor of the Circuit suggested, that the original indictment had been transmitted to Perry county, in pursuance of the former order of the Court, and moved that the Court would then award process, requiring the clerk of the Circuit Court of that county, to furnish the original papers to some person to be named in the order. The Court, thereupon, directed one John Hendrick to proceed to Perry county, and demand and receive from the Clerk the original indictment, and to bring the same to the Court then in session in Sumter county. This order was made without the consent of the plaintiff in error, and he objected to it. The order contained directions for swearing the messenger to bring the indictment sealed up, without any alteration, and without permitting any person to have the custody of it.

The messenger returned with the indictment in a blank envelope, and without any certificate from the Clerk of the Perry Circuit Court. The prosecution was then continued on the affidavit of the slave John.

At the next succeeding term, the plaintiff in error was tried on this indictment, convicted, and sentenced to be hung on Friday, the 22d January, 1841. A question was reserved at the trial, as novel and difficult, for the decision of the Supreme Court.

The following reasons are now assigned for the reversal of this sentence.

1st. Because the Court below erred in sentencing the plaintiff in error to be hung on the 22nd day of January, 1841, as twenty-five days could not intervene between that and the day of the commencement of the present term of the Supreme Court.

2nd. Because the said prosecution was discontinued.

3rd. Because the Court erred in making the order, directing the Clerk of the Circuit Court of Perry county, to return the original indictment to Sumter county, as the previous order for its transmission to Perry county, remained in full force, not revoked, or set aside.

4th. Because the Court erred in receiving back the indictment, unaccompanied and not authenticated by any certificate of the clerk of the Circuit Court of Perry county.

5th. Because the prosecution was discontinued, in consequence of the execution of the order, directing the transmission to Perry county, of all the original papers.

6th. Because the Circuit Court of Sumter had no jurisdiction of the prosecution, in consequence of the execution of the order, transfering all the original papers to Perry county.

The record was submitted for decision without argument.

ERWIN, for the plaintiff in error.

THE ATTORNEY GENERAL, for the State.

GOLDTHWAITE, J.—1. The statute of 1836, Aikin's Digest, 2 ed. 614, s. 1, directs that the execution of the judgment shall be suspended in capital cases, whenever points are reserved as novel and difficult, for the decision of the Supreme Court, to a time not less than twenty-five, nor more than forty days, after the commencement of the next succeeding term of the Supreme Court.

The statute is directory to the Circuit Courts; but in our opinion, it also confers a right on the unfortunate criminal, who is convicted under such circumstances, as to induce the presiding Judge to present his decision for the revision of the appellate tribunal. It was intended by this statute, to give ample time for the careful examination of the questions refered; but we are not authorized to say, even when such time is given, that the statute ceases to be obligatory. This Court commenced its present session on the fourth day of January, the earliest day appointed by law ; the convict was sentenced to be executed on the twenty-second of the same month. It is therefore apparent, that only seventeen days could intervene between these days, when the shortest period permitted by the statute is twenty-five. It was erroneous not to suspend the execution of the sentence of death, inasmuch as a question was reserved at the trial for the subsequent decision of this Court.

We do not consider there was any erroneous action by the Circuit Court, in the other matters to which our attention has been called by the assignments of error.

2. The presiding judge, at the time of permitting the change of venue as to Anderson, was probably misled by the generality

of the rule of this Court, with respect to changes of venue. [Rule 20, S. & P. 12.] The rule was not intended to apply to criminal cases, where more persons than one are indicted, when one only shall apply for a change of venue. In such a case, if the accused makes out a sufficient cause, he is entitled by statute, to a change of venue; but the original papers of right appertain to the Court, which retains jurisdiction over such of the accused, as do not desire, or cannot procure a change of venue. A transcript of the record, which must necessarily include a transcript of the indictment, as well as of all other original papers, is all which can regularly be transmitted to the Court, to which the venue is changed. The accused, who under such circumstances, asks for a change of venue, may be tried on such a transcript, and his consent, if that is to be considered as essential, will be infered from his application. If the practice was otherwise, the monstrous absurdity might result, that the prosecution against the others accused, might be terminated, or indefinitely delayed, by the measure of grace accorded the one, who sought elsewhere a trial which he might not obtain in an impartial manner in the county where the indictment was prefered.

We do not mean to be understood, that a prosecution must fail, if in such a case as this, the original papers instead of a transcript, are transmitted in consequence of an irregular order, such as we have noticed. The law of such a case can be dedetermined when it shall arise.

3. The indictment, being properly a paper belonging to the files of the Circuit Court of Sumter county, could not be regularly removed from thence, unless the venue was changed by all of the accused ; and therefore it was entirely competent for the Judge, presiding there at a subsequent term, to make any order necessary to insure the re-transmission of the indictment to the proper court.

4. For the same reason, we consider it not to be necessary that the Clerk of the Circuit Court of Perry county should authenticate the indictment by any certificate when he returned it to Sumter county, in obedience to the mandate of the Court.

In no aspect in which we view this case, can we arrive at the conclusion that it has been discontinued. It seems to have

been regularly continued from term to term, and nothing to the prejudice of the accused is shewn to have occurred, nor ought it to be presumed, from the temporary absence of the indictment. We are satisfied that none of the irregularities attending the change of venue by Anderson, have any effect on the regularity of this conviction.

For the error in not suspending the execution of the sentence for the proper period, the judgment of the Circuit Court is reversed, and the case is remanded, with instructions to the Circuit Court, to proceed to render judgment according to law on the verdict of the jury.